IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| **DANIEL LARSEN,** | |
| Petitioner, | |
| vs. | **MEMORANDUM DECISION AND ORDER** |
| **UNITED STATES OF AMERICA,** | |
| Respondent. | Case No.  2:13CV206DAK |

This matter is before the court on Petitioner's "Motion Under § 2255(f)(3) to Vacate, Set Aside, or Correct sentence By a Person in Federal Custody."  As described below, Petitioner has previously filed a direct appeal, an unsuccessful motion pursuant to § 2255, and two other unauthorized successive motions that constituted motions under 28 U.S.C. § 2255.  This motion constitutes Petitioner's third attempt to file an improper, successive 2255 motion.

On October 11, 2001, Petitioner was convicted of conspiracy to manufacture methamphetamine and related offenses, and he was sentenced to 384 months imprisonment.[1]  He subsequently filed a direct appeal challenging the denial of his Motion to Suppress.   The Tenth Circuit affirmed the denial of the Motion to Suppress.   Petitioner then filed a Petition for Writ of Certiorari with the United States Supreme Court, which was denied on October 6, 2003.

---

[1] *See* Case No. 2:00CR4.

On September 17, 2004, Petitioner then filed a Motion to Vacate Under 28 U.S.C. § 2255.[2]  The motion was denied on May 16, 2005, and the court declined to issue a Certificate of Appealability.[3]  Petitioner appealed the court's denial of his § 2255 motion.  The Tenth Circuit denied his request for a Certificate of Appealability.[4]  Petitioner then filed a Petition for Writ of Certiorari with the United States Supreme Court, which was denied in December 2006.[5]

Petitioner then filed a motion in his original criminal case to correct the spelling of his last name.[6]  The court granted the motion, finding that it was a clerical error, and the court entered an Amended Judgment, correcting the spelling of Petitioner's last name.[7]  Petitioner then appealed the Amended Judgment, attempting to raise claims relating to his conviction and sentence.[8]  The government moved to dismiss the appeal, and the Tenth Circuit granted the motion because Larsen lacked standing because this court had granted his motion.  The Tenth Circuit dismissed the appeal.[9]

---

[2] *See* Case No. 2:04CV875, Docket No. 1.

[3] *Id*. at Docket No. 11.

[4] *Id*. at Docket No. 20.

[5] *Id*. at Docket Nos. 21, 22.

[6] *Id*. at Docket No. 349.

[7] *Id*. at Docket Nos. 350, 351.

[8] *Id*. at Docket No. 352.

[9] *Id*. at Docket No. 359.

2

On October 2, 2009, Petitioner filed, in his original criminal case, a Motion to Modify Sentence pursuant to Rule 36 of the Federal Rules of Criminal Procedure.[10] The motion was denied on November 2, 2009.[11] Rule 36 permits a court to "correct a clerical error . . . or correct an error . . . arising from oversight or omission." The district court concluded it lacked jurisdiction to consider Mr. Larsen's motion because it sought substantive modifications of his sentence. Moreover, the court noted even if it did have jurisdiction, Larsen and Blake's arguments "have no merit."[12] Not surprisingly, Petitioner filed an appeal.[13]

In the appeal, Larsen requested that the Tenth Circuit permit him, to "do a second 2255 on the grounds of newly discovered evidence." As the Tenth Circuit noted, a prisoner cannot file a second or successive petition for habeas corpus unless it is certified by the Court of Appeals to contain:

> 1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).[14] Larsen claims he had "just found th[e] information" which formed the basis of his motion "because the [Bureau of Prisons] does not allow inmates to have possession

---

[10] Case No. 2:00CR241, Docket No. 362,

[11] *Id*. at Docket No. 363.

[12] *Id*.

[13] *Id*. at Docket No. 364.

[14] *See* Docket No. 380, Order and Judgment from the Tenth Circuit Court of Appeals.

of their [presentence reports]."[15] The Tenth Circuit denied his request to file a successive § 2255 motion, finding that this information, even if newly discovered, does not call into question Larsen's guilt and thus does not meet the standard for certification.[16]

Not to be deterred, on June 5, 2012, Petitioner filed a Motion for Review of Sentence Pursuant to 18 U.S.C. § 3742(A)(1) and (2).[17] The motion was denied on June 6, 2012.[18] In the Order denying the motion, the court noted that the motion was procedurally improper and recounted the history of Mr. Larsen's unsuccessful direct appeals, his unsuccessful 2255 petition, and his unsuccessful attempt to obtain permission to file a successive § 2255 motion. Moreover, the court found Petitioner's motion frivolous and warned Mr. Larsen that "any future filings deemed to be frivolous could subject him to possible sanctions."[19]

On March 21, 2013, Mr. Larsen filed the instant § 2255 motion. Although petitioner has been informed (1) that future frivolous filings could subject him to sanctions, and (2) that he must obtain permission from the tenth Circuit Court of Appeals to file a successive § 2255 motion, Petitioner has ignored the court's admonishments.

The court declines to transfer this matter to the Tenth Circuit because it is not in the interest of justice to do so. The court has no jurisdiction to decide this motion, and therefore dismisses it. Moreover, even if the court had jurisdiction to decide the substantive issue, the

---

[15] *Id*.

[16] *Id*. at page 6.

[17] *Id*. at Docket No. 382.

[18] *Id.* at Docket No. 383.

[19] *Id*. at page 3.

court would find the motion to be unmeritorious.  Finally, the court hereby warns Petitioner that any future unauthorized or frivolous filings will result in a sanction of no less than $1,000.00.

### RULE 11 DENIAL OF CERTIFICATE OF APPEALABILITY[20]

Under 28 U.S.C. § 2253, a certificate of appealability "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2); *United States v. Silva*, 430 F.3d 1096, 1100 (10th Cir.2005) (quoting 28 U.S.C. § 2253(c)(2)). The court finds that reasonable jurists could not debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003)).  Thus, the court concludes that Petitioner has not made a substantial showing of the denial of a constitutional right and therefore declines to issue a Certificate of Appealability.

### CONCLUSION

Accordingly, Petitioner's "Motion Under § 2255(f)(3) to Vacate, Set Aside, or Correct sentence By a Person in Federal Custody" [Docket No. 1] is DENIED, and this case is DISMISSED for lack of subject matter jurisdiction.   The Clerk of the Court is directed to enter Judgment against Mr. Larsen and in favor of the United States and to close this case.

DATED this 13th day of May, 2013

BY THE COURT:

_____
DALE A KIMBALL
United States District Judge

---

[20]  *See* Rules Governing Section 2255 Proceedings for the United States District Courts.